MICHELLE UZETA (SBN 164402)
NISHA N. VYAS (SBN 228922)
nvyas@hrc-la.org
DANNY Y. YOO (SBN 251574)
SARA P. KUNKEL (SBN 260240)
520 S. Virgil Ave., Suite 400
Los Angeles, CA 90020
TEL: (213) 387-8400 ext. 33
FAX: (213) 381-8555

Attorneys for Plaintiffs

JS-6

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROMANA GONZALEZ, et al.,** | CASE NO. CV09-1067 AHM (FMOx) |
| **Plaintiffs,** | **CONSENT DECREE AND FINAL ORDER** |
| **vs.** | |
| **JOHN GUNSON, et al.,** | |
| **Defendants.** | |

## RECITALS

On February 12, 2009, Romana Gonzalez, Rosa Elena Marquez and the Housing Rights Center (hereinafter "Plaintiffs") filed a Motion for Preliminary Injunction and Complaint against John Gunson and Monique La Voie (Defendants) in the United States District Court for the Central District of California, bearing Case No. CV09-1067 (hereinafter "the action").  Said Complaint alleges causes of action for injunctive and declaratory relief, and seeks damages and fees as a result Defendants alleged violations of the Fair Housing Act, 42 U.S.C. § 3601, et seq., the California Fair Employment and Housing Act, Cal. Gov. Code § 12900, et seq., the California Unruh Act, Cal. Civ. Code § 51 et seq. Specifically, Plaintiffs allege that Defendants, who own and manage the property at which Plaintiffs Gonzalez and Marquez reside, 1630 N. Winona Boulevard, Los Angeles, California (hereinafter "subject property"), have engaged in disability discrimination based on their failure to provide Plaintiff Romana Gonzalez with an accessible parking space as a reasonable accommodation for her disability and their failure to allow Ms. Gonzalez to install a ramp that would allow her to enter and exit her unit while using her wheelchair.

Defendants Gunson and La Voie deny the allegations made by the plaintiffs; further, Defendants allege that plaintiffs use and occupancy did not conform to the terms agreed upon in plaintiff Marquez's lease agreement. Finally, defendants claim that they had offered plaintiffs a parking space and permitted them to build a wheel chair ramp.

Plaintiffs' motion for preliminary injunction, filed on February 13, 2009, was granted pursuant to a modified order signed by the Honorable A. Howard Matz, which required defendants to designate a parking space close to plaintiff Marquez's unit, which defendants have complied with; to continue to allow plaintiff Gonzalez to use the wheel chair ramp that defendants built for her after the filing of the Complaint; and prohibited the Defendants from taking any adverse or retaliatory action against Plaintiffs while this action is pending.

The parties to this agreement desire to settle all of the disputes, differences, contractual obligations and disagreements which exist between them as set forth above which arise out of the action or which arise out of the subject matter of the action. Defendants deny any wrongdoing, illegal conduct or liability whatsoever on their part; however, the parties have concluded that it is in their best interest to settle the differences, disagreements and suits upon the terms and conditions set forth herein below, and in so doing, do not admit, concede or imply that they have done anything wrong or legally actionable.

It is hereby ORDERED, ADJUDGED and DECREED:

## I. TERM

The term of this Order shall be for six months from the date of entry, but no later than October 15, 2009.

## II. EFFECT OF ORDER

This Order shall be binding upon the Defendants and upon the Plaintiffs. Upon entry of this Order, the Complaint shall be dismissed in its entirety with prejudice.

## III. INJUNCTION

Defendants, their agents and those under their control shall continue to provide Plaintiffs Marquez and Gonzalez with a total of one designated parking space close to their unit as long as they reside at the subject property;

Defendants, their agents and those under their control shall allow Plaintiff Gonzalez to use the ramp at the entrance of her unit for as long as she resides there, so that she can exit and enter the unit using her wheelchair and other mobility devices. The ramp shall remain the property of Defendants, and will be Defendant's responsibility to maintain and, upon Plaintiff Gonzalez's departure from the unit, remove.

Defendants, their agents and those under their control shall refrain from retaliating against Plaintiffs for exercising their rights under the Fair Housing Act and California Fair Employment and Housing Act as is alleged and set forth in Plaintiffs' complaint.

## IV. MONETARY COMPENSATION

1  Defendants shall pay a total of $45,500 to the Plaintiffs.  Three payments will be
2  made as follows:
3      1. $25,500.00, by no later than 4:00 p.m. on April 30, 2009
4      2. $10,000.00, by no later than 4:00 p.m. on July 1, 2009.
5      3. $10,000.00, by no later than 4:00 p.m. on August 1, 2009.
6  Each payment shall be made by cashier's check, payable to the "Housing Rights
7  Center Client Trust Account" and hand-delivered or sent via certified mail, return receipt
8  requested, to Plaintiffs' attorney Nisha N. Vyas at 520 S. Virgil Ave., Ste. 400, Los
9  Angeles, California 90020,
10  Of these payments, twenty thousand ($20,000) shall remain with HRC and the
11  remaining twenty-five thousand, five-hundred ($25,500) will be distributed to Plaintiffs
12  Gonzalez and Marquez.  These three payments shall constitute a compromise and
13  settlement of all claims of the Plaintiffs of any kind, including but not limited to claims
14  for alleged damages, attorney's fees and costs of any kind.

## V.   FAIR HOUSING TRAINING

16  Defendant John Gunson shall undergo fair housing training to be provided by the
17  Housing Rights Center. Defendants shall pay to the Housing Rights Center its customary
18  charge of $150 per person for each such training session.  Such training shall be
19  completed within 120 days of the date of entry of this Order.

## VI.   PUBLIC NOTICE AND OUTREACH

21  Defendants will post and maintain a fair housing sign in a form approved by the
22  United States Department of Housing and Urban Development (HUD) at the subject
23  property.  Defendants shall also include the words "Equal Housing Opportunity
24  Provider" or the HUD fair housing logo in all advertising conducted and paid for by
25  Defendants in newspapers, radio, television or other media, including telephone
26  directory display ads, and on billboards, sign, pamphlets, brochures, and other
27  promotional literature.  Those words shall be prominently placed and easily legible.
28

Defendants will satisfy the requirements set out in this Section within 90 days of the entry of this Order.

## VII. MONITORING, TESTING AND SURVEYING

Defendants agree that the Housing Rights Center may implement fair housing testing programs to monitor, test and survey prospective residents of the subject property for the period of this Order. If Housing Rights Center's volunteers or staff require access to the subject property, Defendants shall cooperate in order to facilitate their access to the property for the sole purpose of accomplishing these tests or surveys.

During the period of this Order, Defendants shall maintain all records containing information pertinent to Defendants' obligations under this Order and specifically Section VIII below, and such records shall be made available to the Housing Rights Center upon reasonable request at any time during the life of this Order.

## VIII. RECORD KEEPING

During the effective period of this order, with respect to the management of the subject property, Defendants shall maintain an inquiry log of all persons who inquire about being accommodated based on their disability in any way at the property, including the date of inquiry, the identity of the individual requesting an accommodation (including their name, current address, and telephone number), the basis of the request, whether the request was made in writing or orally, to whom the request was made, Defendants' activities in response to the request, Defendants' response to the request, and if rejecting the request for accommodation, the basis for that rejection.

During the effective period of this Order, Defendants shall advise the Housing Rights Center in writing within 60 days of receipt of any written administrative or legal complaint against Defendants or against any of Defendants' agents alleging housing discrimination based on disability.

## IX. NONDISCRIMINATORY POLICIES

Defendants shall immediately adopt and implement objective, uniform, nondiscriminatory standards in management of the subject property. Such policies shall

be distributed immediately to all of Defendants' agents of the subject property and shall be distributed to all Defendants' future managers, agents, employees within seven (7) days of hire or assuming residency.

The specific language of the nondiscriminatory policy shall be: "It is the policy of the Management of 1630 N. Winona Boulevard not to discriminate against anyone in any aspect of the management of units because of race, color, national origin, sex, disability, familial status, religion, ancestry, marital status, source of income, age, sexual orientation, or other characteristic protected by law. This policy means, among other things, that agents must never provide or withhold resident services, repairs or amenities because of a person's race, color, national origin, sex, disability, familial status, religion, ancestry, marital status, source of income, age, sexual orientation, or other characteristic protected by law. It is also the policy of the Management of 1630 N. Winona Boulevard to grant any reasonable requests for accommodation and/or modification made by a resident with a disability. Any employee who does not comply with these policies and procedures will be subject to disciplinary action, termination of employment and/or federal court sanctions."

Defendants' current agents and those hired within the effective period of this Order shall sign the following statement: "I have read the above Nondiscrimination Policy. I understand its terms and intend to comply with such terms." The signed statement shall include the agent's printed name and the date of execution. Copies of such statements shall be provided to the Housing Rights Center within 60 days of the date of entry of this Order for all current agents and within 60 days of the beginning of the agency relationship for all future agents.

## X.   OTHER MATTERS

Plaintiffs Marquez and Gonzalez will vacate the subject property no later than September 30, 2009.

Defendants will waive rent for Plaintiffs Marquez and Gonzalez for the three (3) months of April, May, and June 2009. Should Plaintiffs Marquez and Gonzalez

1 continue their tenancy thereafter, rent will be charged at the current rate ($803.40) for
2 July, August and September, 2009.  Plaintiffs Marquez and Gonzalez are under no
3 obligation to pay rent for July, August, and September 2009 following this Order should
4 they vacate the unit on or before June 30, 2009.  Should plaintiffs' fail to vacate the
5 premises on or before September 30, 2009, or should plaintiffs fail to pay any of their
6 monetary obligations in the months of July, August and September 2009, then
7 defendants shall be entitled to initiate proceedings for a judgment for possession of the
8 subject property, and any rent credit for April, May and June, 2009, shall become due.
9      Defendants shall return Plaintiff Marquez's security deposit as required under
10 California Civil Code Section 1950.5 upon her departure from the unit.  Defendants will
11 allow all individuals currently living in Plaintiff Marquez and Gonzalez's unit (Ms.
12 Marquez, Ms. Gonzalez, Rosa Ortiz and Ms. Marquez's two minor sons) to continue to
13 reside there for the remainder of Plaintiff Marquez and Gonzalez's tenancy. These
14 individuals will vacate the unit at the same time as Plaintiff Marquez and Gonzalez.
15      Plaintiffs Marquez and Gonzalez will comply with all current lease terms for the
16 remainder of their tenancy at the subject property.
17 **XI.   MUTUAL WAIVERS AND RELEASES**
18      A.   The Plaintiffs and Defendants shall execute mutual waivers and releases
19 indicating that this Consent Decree and Final Order constitutes a full and final settlement
20 of any and all claims of the Plaintiffs, including their agents, employees, testers, assigns,
21 and attorneys, that relate to the subject matter of this litigation.  The mutual waivers and
22 releases shall include a waiver of all known and unknown claims and a waiver of the
23 rights of all parties, pursuant to California Civil Code section 1542.
24 **XII.   DISPUTE RESOLUTION**
25      A.   The parties agree to attempt to resolve in good faith any disputes that arise
26 under the terms of this Order.  In that regard, the parties agree to utilize a Notice-To-
27 Cure procedure before applying to the Court for enforcement of any term of this Order.
28

The parties agree to the following for a Notice-To-Cure with respect to any dispute that may arise:

    1.    The party claiming a violation of any term of this Order will give written notice of the nature and extent of the alleged violation as follows:  (a) written notice to the Housing Rights Center shall be given to the Litigation Director at Housing Rights Center, 520 South Virgil Avenue, Suite 400, Los Angeles, CA  90020; and (b) written notice to Defendants shall be given to counsel Raymond Zakari, Daggenhurst & Zakari, 225 S. Lake Ave. Suite 300, Pasadena, CA 91101.

    2.    The person receiving notice will have five (5) days to respond in writing to the Notice of the alleged violation, or cure such violation.  If the person receiving notice does not respond or cure within 5 days, or if the parties cannot resolve the dispute concerning the alleged violation within 5 days thereafter, the party claiming a violation may bring a motion directly to this Court to enforce the provisions of this Consent Decree.

    3.    The parties to this Order stipulate and agree that if the Court grants relief pursuant to a motion to enforce the provisions of the Consent Decree, the prevailing party is entitled to recover the fees and costs incurred to bring the motion.

**IT IS SO ORDERED.**

Dated:  April 28, 2009

JS-6

**A. HOWARD MATZ**
UNITED STATES DISTRICT JUDGE